UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT L. OWINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 2:05 CV 22 DDN |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the motion of defendant to reverse and remand the action to the defendant for further administrative hearing on the plaintiff's claim to supplemental social security benefits under Title XVI of the Social Security Act (Doc. 11).

Defendant argues that the record is deficient and that the ALJ should consider further information and evidence as set forth below. In response, plaintiff objects to remand for further hearing but seeks outright reversal and the award of benefits.  In his brief filed in support of his complaint, plaintiff argues that the ALJ failed to adequately consider the evidence of plaintiff's speech impediment and the restrictions placed upon plaintiff by Dr. Chris Maglio.  The undersigned believes that the record is such that reversal and remand for a supplemental hearing is more appropriate than reversal and the award of benefits.

For these reasons,

**IT IS HEREBY ORDERED** that the Clerk assign this action to a District Judge by the random selection process for consideration of this Order and Recommendation.

**IT IS HEREBY RECOMMENDED** that the motion of defendant Commissioner of Social Security to reverse and remand this action (Doc. 11) be sustained.

**IT IS FURTHER RECOMMENDED** that this action be reversed and remanded to the Commissioner of Social Security under Sentence Four of 42 U.S.C. § 405(g) for further proceedings in which the Administrative Law Judge

shall (1) complete the administrative record regarding plaintiff's work activity after 2003; (2) complete all of the administrative record regarding the nature of his work activity during the relevant 15 year period; (3) consider whether plaintiff meets section 12.05C of the listed impairments; (4) consider the evidence of plaintiff's speech impediment and the restrictions placed upon plaintiff by Dr. Chris Maglio.  In so doing, the ALJ should obtain evidence from a mental health care medical expert to clarify the nature and severity of plaintiff's mental impairment.  Additionally, if the claim proceeds to step four of the sequential evaluation process, the ALJ should evaluate plaintiff's past relevant work and whether he had the residual functional capacity to perform that work.  On remand, plaintiff's subsequently filed claim for Title II benefits, filed September 2, 2004, should be consolidated with the current claim.

The parties are advised that they have ten days to file written objections to this Order and Recommendation.  The failure to file timely, written objections shall waive the right to appeal issues of fact.

UNITED STATES MAGISTRATE JUDGE

Signed on September 23, 2005.